UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOHN P. YOUNG | § | |
| Plaintiff | § | |
| | § | Civil Action No.  2:13-cv-394 |
| Vs. | § | JURY |
| | § | Judge Rodney Gilstrap |
| ANADARKO PETROLEUM CORPORATION | § | |
| | § | |
| Defendant | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, JOHN P. YOUNG, Plaintiff herein, complaining of ANADARKO PETROLEUM CORPORATION, Defendant herein, and would respectfully show unto the Court as follows:

## PARTIES, JURISDICTION AND VENUE

## PARTIES

1.     Plaintiff, JOHN P. YOUNG, is an individual residing in Anderson County, Texas.

2.     Defendant Is ANADARKO PETROLEUM CORPORATION which is a foreign corporation being incorporated in the state of Delaware.  Service may be affected upon Defendant by serving CT CORPORATION SYSTEM at 350 N ST. PAUL STREET, STE 2900, DALLAS, TEXAS 75201.

## JURISDICTION

3.      Jurisdiction is based upon complete diversity of citizenship as the Plaintiff is a Texas resident and the Defendant Is a Delaware Corporation. 28 U.S.C. § 1332(a)(1) &(c)(1) authorized to do business in the state of Texas.

Plaintiff would show that his damages are well  in excess of the minimum limits required of diversity jurisdiction.

## VENUE

4.    This cause of action occurred within the Eastern District of Texas. Plaintiff asserts that Marshall, Texas, is the appropriate place for venue in this case.   The incident that is the subject of this suit occurred in Anderson County, Texas, and this suit is within the jurisdictional limits of this Court. Plaintiff resides within the Eastern District of Texas. Defendants do business throughout the Eastern District of Texas.

## FACTUAL BACKGROUND

5.    On or about June 7, 2012, Plaintiff was operating his vehicle in a careful and prudent manner and traveling on FM 3328 near the intersection of FM 645 in Anderson County Texas. Suddenly and without warning, a vehicle operated by David L Dantin struck plaintiff's vehicle in the left side. The vehicle being operated by David L Dantin was apparently exiting a private drive and simply ran into the side of plaintiff's vehicle as he was passing through the intersection of FM 3328 and this private drive. The impact

caused significant property damage to Plaintiff's vehicle and also caused significant and permanent physical injuries to John P. Young.

John P. Young has required medical care as result of his injuries and will need future medical care. He had a previous knee replacement. This collision damaged such replacement and prosthesis to such an extent that John P. Young requires future surgery to repair this. He suffered multiple other injuries, including, but not limited to his cervical, thoracic, and lumbar spine. John P. Young has also lost past earnings and his future earning capacity will be significantly impaired. Through all of this he suffered significant physical pain, physical impairment, disfigurement, and mental anguish. All of his damages are likely to continue well into the future if not for the rest of his life.

## CAUSE OF ACTION

David L. Dantin was an employee of Defendant Anadarko Petroleum Corporation at the time of the collision made the basis of this suit. He was operating a company vehicle at the time of the collision made the basis of this suit. He was in the furtherance of his employer's business activities at the time of this collision. At all times material to this cause of action, David L. Dantin was acting in the course and scope of his employment with Defendant.

6.        David L. Dantin had a duty to exercise ordinary care in the operation of his motor vehicle. He further had the duty to follow the "Rules of the Road" as set forth in the Texas Transportation Code. He failed to follow such "Rules of the Road" by failing to yield the right-of-way to John P. Young's oncoming vehicle, failing to keep a proper

lookout, failing to pay attention to the roadway, and failed to operate his vehicle in a safe and prudent manner causing this collision and the resulting damages.

## DAMAGES

7.      This collision was the proximate cause of Plaintiff's injuries which resulted in the following damages:

      a.      past pain and suffering;

      b.      future pain and suffering;

      c.      past mental anguish;

      d.      future mental anguish;

      e.       past physical impairment;

      f.       past lost earning capacity;

      g.      future lost earning capacity;

      h.      past medical expenses.

      i.      future medical expenses

## PRE- AND POST-JUDGMENT INTEREST

8.      Plaintiff sues for pre-judgment and post-judgment interest at the maximum rates allowed by law. Plaintiff seeks reasonable and necessary attorney's fees and expenses at the trial court level and all appellate levels, plus costs of court from all Defendants and all other relief which Plaintiff may show himself justly entitled.

**JURY TRIAL**

9.    Plaintiff hereby requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial of this cause, he have judgment against Defendant for all actual damages to which Plaintiff is entitled and both pre-judgment interest and post-judgment interest at the maximum rate allowed by law, for costs of court and for all other relief to which he may show himself justly entitled.

Respectfully submitted,


By:___/S/_____
        Dick Swift
        TBC#19585600

Law Office of Dick Swift
Dick Swift
P. O. Drawer 2008
Palestine, TX 75802-2008
903/729-2565-telephone
903/729-3061-facsimile

D.Swift@DickSwift.net